UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re | ) Involuntary Case |
| | ) Chapter 7 |
| LEGACY GLOBAL SPORTS, L.P., | ) Case No. 20-11157-JEB |
| | ) |
| Alleged Debtor | ) |

## DECLARATION OF PAULA K. JACOBI

I, Paula K. Jacobi, hereby state as follows:

1. I am a partner in the law firm of Barnes & Thornburg LLP.

2. I represent the Petitioning Creditors in the captioned case and submit this declaration in support of their *Emergency Motion For Entry Of An Order Instanter Under Sections 303 (F), 303 (G), Or 303 (H) Of The Bankruptcy Code To Protect This Estate And Creditors' Interests Therein.*

3. Before the Petition Date, Legacy's counsel, Geoffrey Raicht, in telephone conversation with me, requested of Petitioning Creditors that they "stand still" for a period of time and not file an involuntary petition because Legacy was "in the process" of evaluating its position regarding its creditors. Counsel for Legacy did not explain what that "process" was, but offered to provide financial information regarding Legacy if Petitioning Creditors entered into a "non-disclosure agreement" and agreed to standstill for a period of time and not proceed with an involuntary petition.

4. On May 14, counsel for Legacy advised me as Petitioning Creditors' counsel that Legacy had retained an investment banker which was marketing Legacy's business and the business of its subsidiaries and affiliates for sale.

5. Legacy's counsel advised me that Legacy was close to getting an offer for its soccer business and wanted time to complete the sale. But again, no details or financial information were forthcoming.

6. On May 21, 2020 – the day following the Petition Date – counsel for Legacy contacted me again. This time, counsel advised that Legacy was considering filing a voluntary Chapter 11 petition for itself and possibly for its subsidiaries in Delaware and requested that Petitioning Creditors either withdraw its Involuntary Petition or agree to transfer this Case to Delaware bankruptcy court. It was represented that the insider/owners who were going to fund a Chapter 11 proceeding for Legacy wanted the case to proceed only in Delaware.

7. On behalf of Petitioning Creditors, I advised Legacy that Massachusetts remained the proper venue for the Chapter 11 case and they would not consent to venue in Delaware.

8. On June 7, 2020, counsel for Legacy reached out again to me, this time Legacy requested that the time in which it had to respond to the Involuntary Petition be extended so that it could have the time to negotiate sales of their businesses. Counsel admitted that while Legacy was in conversations with a potential buyer but had no letter of intent or agreement existed.

9. On June 17, 2020, I sent counsel for Legacy a draft stipulation barring any transfers out of the ordinary course of business. Counsel for Legacy did not respond.

10. Pursuant to 28 U.S.C. § 1746, I certify that the foregoing is true and correct.

Executed this 19th June, 2020, in Evanston, Illinois

                                                          */s/ Paula K. Jacobi*
                                                          Paula K. Jacobi

CERTIFICATE OF SERVICE

    It is hereby certified that on June 19, 2020, a true and correct copy of the foregoing Declaration was served through the ECF system on all parties registered to receive notice thereunder and by email to those parties having entered their appearance who are not so registered.

                                      */s/ Joseph S.U. Bodoff*
                                      Joseph S.U. Bodoff