UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| LEGACY GLOBAL SPORTS, L.P., | : | CHAPTER 7 |
| | : | CASE NO. 20-11157-JEB |
| Debtor. | : | |
| | : | |
| | : | |

### <u>NOTICE OF CONSENT TO ORDER FOR RELIEF</u>

Legacy Global Sports, L.P. (the "Debtor"), hereby consents to the Court's entry of an order for relief under Chapter 7 of the Bankruptcy Code.

As detailed in its *Motion for Abstention Pursuant to Bankruptcy Code § 305(a)(1)* filed on June 12, 2020 [Docket No. 24] (the "Abstention Motion"), the Debtor was at the time engaged in negotiations with two prospective buyers for some of its assets. Unfortunately, during the week after filing the Abstention Motion, negotiations reached a point where it became clear that neither of the offers that had been developed would either (a) permit completion of the sale outside bankruptcy yielding net proceeds for the Debtors to distribute to creditors, or (b) in the context of chapter 11, provide sufficient financing and total consideration to assure that the chapter 11 case would be funded and the sale process yield net proceeds for the bankruptcy estate exceeding administrative expenses. After evaluating its options the Debtor's board determined that consenting to the involuntary petition would be in the best interests of the Debtor's bankruptcy estate. A copy of the resolution authorizing the Debtor's consent is attached hereto as <u>Exhibit A</u>.

In order to facilitate an orderly disposition of the assets of the entire corporate group consisting of the Debtor and 26 direct and indirect domestic subsidiaries (the "Subsidiaries") and

to optimize a chapter 7 trustee's potential to sell some or all of the assets as a continuous

business unit or to a single buyer, the boards of the Debtor and the Subsidiaries determined that it

was in the best interests of each of the Subsidiaries to file a voluntary chapter 7 petition for

relief.    Attached hereto as Exhibit B is a list of the Subsidiaries, which are filing voluntary

chapter 7 petitions contemporaneously herewith.

<div style="margin-left:40%">

Respectfully submitted,

LEGACY GLOBAL SPORTS, L.P.,

By its attorneys,

/s/ Daniel C. Cohn
Daniel C. Cohn, Esq., BBO #090780
Jonathan M. Horne, Esq., BBO #673098
Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000 Telephone
(617) 482-3868 Facsimile
dcohn@murthalaw.com
jhorne@murthalaw.com

</div>

Dated:   June 22, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2020, I filed this document through the Court's ECF system, which will send an electronic copy to the registered participants as identified on the Notice of Electronic Filing (NEF)
.

<div style="margin-left:40%">

/s/ Daniel C. Cohn
Daniel C. Cohn (BBO #090780)

</div>

Exhibit A

<u>UNANIMOUS WRITTEN CONSENT OF THE BOARD OF MANAGERS</u>

WHEREAS, the undersigned, being all the managers (collectively, the "<u>Managers</u>") of the board of managers (the "<u>Managing Board</u>") of Legacy Global Sports, L.P., a Delaware limited partnership (the "<u>Partnership</u>"), hereby take the following actions and adopt the following resolutions by written consent in lieu of a meeting pursuant to the Delaware Revised Uniform Limited Partnership Act, and Section 5.8(c) of the Fourth Amended and Restated Limited Partnership Agreement of the Partnership, dated January 1, 2020 (the "<u>Limited Partnership Agreement</u>"):

WHEREAS, the COVID-19 global pandemic and resulting governmental orders prohibiting individuals from gathering in large groups have forced the Partnership to cancel or postpone nearly all of its live sports events, and have created tremendous uncertainty about when regular business may resume;

WHEREAS, the forced cancellations have caused a catastrophic decline in the Partnership's revenue stream, forcing it to terminate or furlough employees and creating a severe liquidity crisis;

WHEREAS, prior to the COVID-19 outbreak certain former employees engaged in conduct resulting in an ongoing criminal investigation by the Department of Justice into alleged illegal visa activities that has contributed to the vulnerability of the Partnership's businesses;

WHERAS, on or about May 12, 2020, Stout Risius Ross Advisors, LLC began to market the assets of the Partnership and its subsidiaries to seek potential buyers that would maximize the value of the Enterprise;

WHEREAS, the Managers have reviewed and considered the financial and operational condition of the Partnership, and the Partnership's business on the date hereof, including the historical performance of the Partnership, the assets of the Partnership, the current and long-term liabilities of the Partnership, the market for the Partnership's services, and credit market conditions; and

WHEREAS, the Managers have received, reviewed and considered separate letters of intent submitted by Generation Capital and 200 X 85 for the purchase (primarily on non-cash terms) of the Partnership's Hockey & Tours businesses (the "Potential Hockey Dispositions"), and have considered potentially available dispositions of the Partnership's and its subsidiaries';

WHEREAS, on May 20, 2020, creditors of the Partnership filed in the United States Bankruptcy Court for the District of Massachusetts (the "<u>Bankruptcy Court</u>") an involuntary petition under chapter 7 of the Bankruptcy Code (the "<u>Petition</u>"), and the Partnership responded by filing on June 12, 2020, a motion requesting the Court to abstain from considering the Petition until the Partnership had the opportunity to complete negotiations concerning Potential Hockey Dispositions;

WHEREAS, the Managers have completed negotiations concerning the Potential Hockey Dispositions, including receipt of letters of intent representing the final positions of the respective offerors, have explored the availability of financing in order to fund a chapter 11 sale process, and have received, reviewed and considered the recommendations of the senior management of the Partnership and the Partnership's legal, financial and other advisors as to the risks, benefits and feasibility of various strategic alternatives including, but not limited to, a bankruptcy proceeding under the provisions of chapters 7 and 11 of the Bankruptcy Code;

NOW, THEREFORE, BE IT RESOLVED that, after due deliberation, in the judgment of the Managers, it is desirable and in the best interests of the Partnership, its creditors, partners and other interested parties, that the Partnership consent to the Petition and cause each of its subsidiaries to file its own petition under chapter 7; and it is further

RESOLVED, that the Partnership shall be, and hereby is, directed and authorized to execute and file on behalf of the Partnership all petitions, schedules, lists, votes, consents and other papers or documents, and to take any and all action which the Partnership deems reasonable, advisable, expedient, convenient, necessary or proper to obtain relief under chapter 7 of the Bankruptcy Code for itself and its subsidiaries; and it is further

RESOLVED, that Philip Silveira (the "Designated Person") be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Partnership, to execute, verify and file or cause to be filed all petitions, schedules, lists, votes, consents and other papers or documents necessary or desirable in connection with the foregoing; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

*{Signature Page Follows}*

IN WITNESS WHEREOF, the undersigned, being all the Managers of the Managing Board of the Partnership, have executed this consent, in accordance with the Delaware Revised Uniform Limited Partnership Act and Section 5.8(c) of the Limited Partnership Agreement, as of the __21__ day of June, 2020.

_____
John Brecker

_____
David M. Wittels

_____
Richard Dresdale

_____
Michael Somma

IN WITNESS WHEREOF, the undersigned, being all the Managers of the Managing Board of the Partnership, have executed this consent, in accordance with the Delaware Revised Uniform Limited Partnership Act and Section 5.8(c) of the Limited Partnership Agreement, as of the __21__ day of June, 2020.

_____
John Brecker

_____
David M. Wittels

_____
Richard Dresdale

_____
Michael Somma

IN WITNESS WHEREOF, the undersigned, being all the Managers of the Managing Board of the Partnership, have executed this consent, in accordance with the Delaware Revised Uniform Limited Partnership Act and Section 5.8(c) of the Limited Partnership Agreement, as of the __21__ day of June, 2020.

_____
John Brecker

_____
David M. Wittels

_____
Richard Dresdale

_____
Michael Somma

IN WITNESS WHEREOF, the undersigned, being all the Managers of the Managing Board of the Partnership, have executed this consent, in accordance with the Delaware Revised Uniform Limited Partnership Act and Section 5.8(c) of the Limited Partnership Agreement, as of the __21__ day of June, 2020.

_____
John Brecker

_____
David M. Wittels

_____
Richard Dresdale

_____
Michael Somma

## Exhibit B

1.  LGS Management, LLC
2.  LGS Manufacturing LLC
3.  Legacy Global Lacrosse LLC
4.  LGS Logistics LLC
5.  LGS Team Sales LLC
6.  Premier Sports Events LLC
7.  Massachusetts Premier Soccer LLC
8.  Maine Premier Soccer LLC
9.  Mass Premier Soccer in New Hampshire LLC
10. Florida Premier Soccer LLC
11. New York Premier Soccer LLC
12. Jersey Premier Soccer LLC
13. GPS in Vermont LLC
14. Rhode Island Premier Soccer LLC
15. Carolina Premier Soccer LLC
16. Georgia Premier Soccer LLC
17. Global Premier Soccer Puerto Rico LLC
18. Global Premier Soccer Canada LLC
19. Global Premier Soccer Oregon LLC
20. Global Premier Soccer California LLC
21. Global Premier Soccer Missouri, LLC
22. Global Premier Soccer Connecticut LLC
23. Global Premier Soccer Delaware LLC
24. Global Premier Soccer Michigan LLC
25. Global Premier Soccer Minnesota LLC
26. Global Premier Soccer Ohio LLC