**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>**LEGACY GLOBAL SPORTS, L.P.,**[1]<br><br>Debtor. | **Chapter 7**<br>**Case No.  20-11157-JEB; and**<br>**20-11351 through 20-11376**<br>*Jointly Administered Cases* |

APPLICATION BY CHAPTER 7 TRUSTEE FOR AUTHORITY TO EMPLOY
POLLACK SOLOMON DUFFY LLP AS SPECIAL COUNSEL

Harold B. Murphy, the Trustee in Bankruptcy (the "Trustee") of the bankruptcy estate (the "Estates") of Legacy Global Sports, L.P. ("LGS") and the above-captioned related debtors (collectively, the "Debtors") submits this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Trustee to employ Pollack Solomon Duffy, LLP pursuant to sections 327(a), (c), and (e) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), as special counsel to the Chapter 7 Trustee in connection with the claims of the Debtor Massachusetts Premier Soccer, LLC d/b/a/ Global Premier Soccer ("GPS") against its former counsel. In support of this Application, the Trustee submits the Affidavit of Barry S. Pollack (the "Pollack Affidavit"), filed concurrently herewith, and respectfully states as follows:

---

[1] The affiliated debtors, along with the last four digits of each debtor's federal tax identification number, are as follows: (i) Legacy Global Sports, L.P., EIN #2834; (ii) LGS Management, LLC, EIN # 5401; (iii) LGS Manufacturing LLC, EIN #5305; (iv) Legacy Global Lacrosse LLC, EIN # 0161; (v) LGS Logistics LLC, EIN #6244; (vi) LGS Team Sales LLC, EIN # 6484; (vii) Premier Sports Events LLC, EIN #5407; (viii) Massachusetts Premier Soccer LLC d/b/a Global Premier Soccer, EIN # 6290; (ix) Maine Premier Soccer LLC, EIN #0740; (x) Mass Premier Soccer in New Hampshire, LLC, EIN #2958; (xi) Florida Premier Soccer LLC, EIN #0702; (xii) New York Premier Soccer LLC, EIN # 27-2451104; (xiii) Jersey Premier Soccer LLC, EIN # 0501; (xiv) GPS in Vermont LLC, EIN #3359; (xv) Rhode Island Premier Soccer LLC, EIN #2841; (xvi) Carolina Premier Soccer LLC, EIN # 46-1594047; (xvii) Georgia Premier Soccer LLC, EIN #1982; (xviii) Global Premier Soccer Puerto Rico LLC, EIN #1857; (xix) Global Premier Soccer Canada LLC, EIN # 6291; (xx) Global Premier Soccer Oregon, EIN #8242; (xxi) Global Premier Soccer California LLC, EIN #7811; (xxii) Global Premier Soccer Missouri, LLC, EIN #2782; (xxiii) Global Premier Soccer Connecticut, EIN # 6400; (xxiv) Global Premier Soccer Delaware, EIN # 4703; (xxv) Global Premier Soccer Michigan LLC, EIN # 0533; (xxvi) Global Premier Soccer Minnesota LLC, EIN # 5588; and (xxvii) Global Premier Soccer Ohio LLC, EIN #0022.

## JURISDICTION

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief requested herein are sections 327(a), (c), and (e), and section 328(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Massachusetts ("MLBR").

## BACKGROUND

3.      On May 20, 2020, certain creditors filed an involuntary petition for relief against LGS under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code"), and an order for relief was entered against LGS on June 23, 2020.

4.      On June 23, 3030, each of the remaining debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5.      Harold B. Murphy is the duly appointed Chapter 7 trustee of the Debtors.

6.      Prior to the Petition Date, GPS was a plaintiff in the a civil action captioned *Massachusetts Premier Soccer LLC Doing Business as Global Premier Soccer vs. Burns & Levinson LLP et al*, Civil Action No. 2084CV00398 (the "Civil Action") pending in the Suffolk Superior Court. In the Civil Action, GPS has sought, among other things, damages against Burns & Levinson LLP ("B&L") and one of its partners, Perry A. Henderson Jr. ("Henderson"), for (i) legal malpractice for representing other parties in matters adverse to the interests of GPS while GPS was a client and (ii) failing to use due care in rendering legal advice to GPS.[2]

---

[2] GPS initially included claims against two other B&L partners, Thomas T. Reith and Mary Katherine Geraghty, but voluntarily dismissed those claims before the Petition Date.

### RETENTION OF POLLACK SOLOMON DUFFY LLP

7.        By this Application, the Trustee seeks authority, pursuant to sections 327(a), (c), and (e)

and section 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and MLBR 2014-1, to employ Pollack

Solomon Duffy LLP (the "Firm") as the Trustee's special counsel in this chapter 7 case in accordance with

the terms and conditions set forth in this Application.

8.        The professional services that the Firm will render to the Trustee include the pursuit of the

claims of the GPS Estate in the ongoing Civil Action, and performing all other legal services and providing

all other legal advice requested by the Trustee with respect to the Civil Action.

9.        Section 327(a), (c), and (e) of the Bankruptcy Code authorizes a trustee, upon approval of

the Court, to retain special counsel who does not otherwise hold or represent interests adverse to the estate.

*E.g.*, *In re Sarao*, 444 B.R. 496, 497 (Bankr D. Mass. 2011); *In re Best Craft General Contractor and

Design Cabinet, Inc.*, 239 B.R. 462, 468 (Bankr. E.D.N.Y 1999).  As set forth in the Pollack Affidavit, the

Firm does not represent or hold any interest materially adverse to the Estates.

10.        Prior to the Petition Date, the Firm was representing GPS in the Civil Action.   The Trustee

seeks to employ the Firm as his special counsel because of the Firm's familiarity with GPS and the Civil

Action. During the course of the Firm's representation of GPS, the Firm has obtained significant

knowledge of the Civil Action and the Trustee submits that the Firm's knowledge, expertise, and

experience with GPS and the Civil Action will benefit the Estate and enable the Firm to work in an efficient

and cost-effective manner on behalf of the Trustee and the Estate of GPS.

11.        The Trustee and the Firm have agreed, subject to the approval of the Court, to employ the

Firm on terms similar, but more favorable, to the terms of the pre-petition agreement. Due to the lack of

available funds in the case, the Firm has agreed to advance all expenses incurred in connection with the

Civil Action. The firm will be reimbursed for its out-of-pocket expenses from the first available funds from

any recovery. A copy of the Contingent Fee Agreement between the Trustee and the Firm (the

"Agreement") is attached as Exhibit B, and provides that the Firm will be paid, subject to approval of the

Court after an appropriate application, a contingency fee, as follows:(a) if resolved before the commencement of any deposition that follows the substantial completion of document productions, twenty-five percent (25%) of any recovery; (b) if resolved after the commencement of any deposition that follows the substantial completion of document productions, but before the commencement of trial, thirty percent (30%) of any recovery; and (c) if resolved after the trial commences, thirty-five percent (35%) of any recovery. Further, the highest percent recovery the Firm could recover has been lowered from 40% to 35%.

### AFFIDAVIT OF BARRY S. POLLACK

12.     The Trustee has filed the Pollack Affidavit in connection with this application and in accordance with Federal Rules of Bankruptcy Procedure 2014 and 2016, and MLBR 2014-1.

13.     As is set forth herein and in the Pollack Affidavit, among other things, the Firm represented GPS in the Civil Action prior to the Petition Date. The Firm is currently representing Stephen Griffin, a former officer and director of GPS, Generation Capital and Jefferson River Capital, asserted secured creditors of the Debtors, and certain of Jefferson River Capital's principals, David Wittels, Richard Dresdale and Michael Somma, in defense of claims brought against those parties and certain Debtor entities[3] by Joseph M. Bradley, and Peter D. Bradley, former officers and directors of GPS, and Alexander Zecca, an investor in GPS. In that matter, the Plaintiffs are seeking, among other things, to recover payments allegedly due to them in connection with the sale of GPS to LGS, and damages for the secured creditors' alleged tortious interference with plaintiffs' contractual relationships with LGS.

14.     The Firm represents Stephen Griffin, a former officer and director, in connection with claims brought against him by: (1) Jeff Lukasak, a former employee of one of the affiliated debtors, Premier Sports Events LLC ("PSE"), and the founder and principal of PSE's predecessor, Premier Sports Events, Inc., with respect to Lukasak's claims against PSE and Griffin for breach of contract in connection

---

[3] The action is stayed as to the Debtor defendants.

with Lukasak's termination by PSE; and (2) Amy St. Pierre, the wife of John St. Pierre, a former officer and director of LGS, with respect to Ms. St. Pierre's *pro se* claims against Griffin for defamation and for allegedly wrongful access to her Google account through her husband's Legacy-issued email address.

15.     Based upon his review and discussions with the Firm, the Trustee has concluded that the Firm's former representation of the GPS Estate and the parties set forth herein and in the Pollack Affidavit are not in conflict and will not adversely affect the exercise of the Firm's professional judgment on behalf of the Estate of GPS.

16.     The Firm is an unsecured creditor of GPS in the approximate amount of $450,000. Filed claims in these cases aggregate approximately $30 million dollars, including asserted secured claims in excess of $10 million dollars. As such, the amount of the Firm's claim is relatively modest in relation to filed claims and does not make the Firm's interests adverse to the Estates. Rather, the Firm's interest, as defined by the Agreement, is in prosecuting the Estate's claims in the Civil Action to the fullest extent. Moreover, the Firm's proposed role in this case is limited in scope, and the terms of its representation under the Agreement are more favorable terms than what the Firm approved in its pre-petition agreement with the Debtor.  Under the Agreement, the Firm is advancing costs for the Civil Action; further, the highest percentage it could receive under this agreement is five percent lower, down to thirty-five percent (35%) from forty percent (40%).  The Firm will recover fees and costs only if the Estate recovers.  Moreover, if there is a recovery for unsecured creditors, it will be shared pro-rata.  As such, the interests represented by the Firm in this matter are not adverse to those of the Estates.  See, e.g., Moore v. Kumer (*In re Adam Furniture Indus.*), 191 B.R. 249, 259 (Bankr.S.D. Ga. 1996).

17.     To the best of the Trustee's knowledge, other than as set forth in the Pollack Affidavit, the Firm has not represented, nor does it now represent, any interest adverse to the Estates with respect to the

matters on which the Firm is to be employed.[4] The Firm and its principals and employees are otherwise disinterested persons with respect to the Estates, as that term is defined in the Bankruptcy Code.

18.     The Trustee submits that the employment of the Firm as his special counsel in connection with the Civil Action is in the best interests of the Debtors' Estates and its creditors.

**WHEREFORE,** the Trustee respectfully requests that this Court enter an Order (a) authorizing the Trustee to retain the Firm as special counsel as special counsel for the limited purpose set forth herein; and (b) granting to the Trustee such other relief as the Court deems just and proper in the circumstances.

HAROLD B. MURPHY,
CHAPTER 7 TRUSTEE
By his counsel,

/s/ Kathleen R. Cruickshank
Kathleen R. Cruickshank (BBO #550675)
MURPHY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108
Tel: (617) 423-0400
DATED:  January 4, 2020         Email: kcruickshank@murphyking.com

790166

---

[4]  Due to the voluminous number of creditors in this case, exceeding 4,000 in number, most of whom have been inactive in this case, and the limited representation proposed to be provided by the Firm, the Firm has been provided for its conflicts review a list of all parties in interest except for those creditors whose names were filed under seal.

6

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**LEGACY GLOBAL SPORTS, L.P., et.al.,**<br><br>Debtor. | **Chapter 7**<br>**Case No.  20-11157-JEB; and**<br>**20-11351 through 20-11376**<br>*Jointly Administered Cases* |

ORDER ON APPLICATION BY CHAPTER 7 TRUSTEE FOR AUTHORITY TO EMPLOY
POLLACK SOLOMON DUFFY LLP AS SPECIAL COUNSEL

At Boston, in said district this _____ day of _____, 2020.

The *Application by Chapter 7 Trustee for Authority to Employ Pollack Solomon Duffy, LLP as Special Counsel* (the "Application") having come on before the Court for hearing, sufficient notice having been given and it appearing that the proposed counsel have or represent no interest adverse to the debtor's estates, and good cause appearing to me therefore, it is hereby

ORDERED that the Trustee is hereby authorized to retain Pollack Solomon Duffy, LLP as Trustee's special counsel in this case to represent the Debtor Massachusetts Premier Soccer LLC d/b/a Global Premier Soccer in the civil action pending in Suffolk Superior Court, captioned *Massachusetts Premier Soccer LLC Doing Business as Global Premier Soccer vs. Burns & Levinson LLP et al*, Civil Action No. 2084CV00398 on the terms set forth in the Application.

_____
The Honorable Janet E. Bostick
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

CONTINGENT FEE AGREEMENT

HAROLD B. MURPHY, as Trustee of the Estate of MASSACHUSETTS PREMIER
SOCCER LLC d/b/a GLOBAL PREMIER SOCCER (the "Estate"), in connection with the
Estate's Chapter 7 bankruptcy case no. 20-11357-JEB (collectively with the Estate, the "Client"),
hereby agrees to retain POLLACK SOLOMON DUFFY LLP, 101 Huntington Avenue, Suite
530, Boston MA 02199 (the "Firm"), to provide the legal services described in Paragraph 1
below.

1.      Services.  The Firm will pursue and prosecute claims, as deemed viable by the
Firm in consultation with the Client, against Burns & Levinson LLP and Perry A. Henderson Jr.
a/k/a "Andy Henderson" as set forth in the Suffolk Superior Court action styled as *Massachusetts
Premier Soccer LLC Doing Business as Global Premier Soccer vs. Burns & Levinson LLP et al*,
Civil Action No. 2084CV00398 (the "Civil Action"). The Client is aware that the Firm is also
currently representing Stephen Griffin, David Wittels, Richard Dresdale, Michael Somma, and
affiliates of both Jefferson River Capital and Generation Capital, in connection with claims
brought against them by Joseph M. Bradley, Peter D. Bradley and Alexander Zecca. The Firm is
also representing Stephen Griffin in connection with claims brought against him by Jeff Lukasak
and Amy St. Pierre. The Firm has concluded that its simultaneous representation of these parties,
on the one hand, and the Client in this matter, on the other, is not in conflict, will not materially
limit the Firm's responsibilities to any of its clients, and will not adversely affect the exercise of
the Firm's professional judgment on behalf of any of its clients. If at any time the Firm
reasonably believes that its clients' interests have diverged as a result of these simultaneous
representations, such that there is, in fact, a current conflict of interest between the Client and the
Firm's other clients, the Firm will immediately alert the Client to discuss how to proceed, and to
consider a waiver of any such conflict. The Firm recognizes and agrees that, in the event of any
such material conflict that is not cured, the Client may seek to require the Firm's withdrawal as
counsel subject to the termination provisions of this Agreement.

2.      Contingency Compensation.  The contingency upon which compensation is to be
paid from the Estate to the Firm is the actual collection of monies following settlement, award or
other payment on the claim or claims set forth above and/or related claims (collectively, a
"Recovery"), provided, however, that, if necessary and applicable, the United States Bankruptcy
Court, Eastern District of Massachusetts (the "Bankruptcy Court") has first approved the terms
of any such settlement or award. The amount of such contingency compensation which is to be
paid by the Estate to the Firm is the following percentage of the amount collected after a
reduction for expenses advanced by the Firm pursuant to paragraph 3, below: (a) if resolved
before the commencement of any deposition that follows the substantial completion of document
productions, twenty-five percent (25%) of any Recovery; (b) if resolved after the commencement
of any deposition that follows the substantial completion of document productions, but before the
commencement of trial, thirty percent (30%) of any Recovery; and (c) if resolved after trial
commences, thirty-five percent (35%) of any Recovery. As consistent with the Massachusetts
Rules of Professional Conduct, the Client retains the right to determine whether or when it would
settle the Civil Action, and the Client's obligations under this agreement are subject to the
approval of the Bankruptcy Court.

3.    <u>Payment of Costs and Disbursements</u>.  On behalf of the Estate, the Firm will advance all out-of-pocket costs and expenses, including, without limitation, filing fees, investigation expenses, expert witness fees and expenses, sheriff's expenses, travel expenses, stenographer charges, videographer charges, telephone charges, duplicating charges, costs of obtaining reports and records, and other out-of-pocket expenses reasonably incurred in preparing and prosecuting the Civil Action, provided, however, that, consistent with its fiduciary and ethical obligations to the Client, the Firm shall retain usual and customary discretion over strategic determinations concerning the selection and engagement of an expert witness on professional responsibility and breach issues, and/or the use of a percipient witness on damages issues, consistent with communications about strategy and budgetary matters that have occurred between the Firm and a representative of the Trustee. The Estate shall not be liable to pay court costs and litigation expenses other than from a Recovery, but all out-of-pocket expenses incurred by the Firm will be deducted from any Recovery before being paid to the Estate.

4.    <u>Time for Contingency Compensation</u>. If payment of all or any part of the amount to be received by the Estate will be deferred (such as in the case of an annuity, a structured settlement, or periodic payments), the Recovery, for purposes of calculating the Firm's contingency compensation due under Paragraph 2, will be the initial payment plus the present value, as of the time of the settlement or judgment, of the payments to be received thereafter. Unless agreed otherwise at the time of settlement, the Firm shall be paid its pro rata share of the Recovery, as applicable under Paragraph 2, of all amounts received by the Estate, as such amounts are received, until the amounts paid to the Firm equals the Firm's contingency compensation due. The Client and the Firm agree that in the event that there is a payment received by the Firm on the Estate's account from another party, the Firm is authorized to deduct from that payment any amounts due to the Firm from the Estate prior to remitting the remainder of the payment to the Estate.

5.    <u>Effect of an Award of Attorneys' Fees</u>.  The parties understand that, in some cases, a court may award counsel fees to one party and order the other party to pay the amount awarded. This, however, cannot be relied upon with certainty. In other cases, if there is a settlement, the settlement agreement may provide that one of the parties will contribute to the other party's legal expenses. It is understood that in seeking an award of fees from a court, the Firm may seek the market rate for its services rather than the contingency fee charged to the Estate under this agreement. If at the close of the case the amount of fees so awarded or agreed exceeds the total amount of fees otherwise due to the Firm under Paragraph 2 of this agreement, then the Firm may elect to accept the final fees so awarded or agreed *instead of* (but not in addition to) the total amount otherwise due to the Firm under Paragraph 2 above.

6.    <u>Interim Billings</u>.  Statements of interim billings showing accumulated case expenses will be submitted to the Client.

7.    <u>Discharge Prior to Conclusion of Representation</u>.  If the Firm is discharged by the Client prior to the conclusion of this representation, the Firm is entitled to have an attorneys' lien remain in place against any Recovery for all out-of-pocket costs and reasonable fees owed to the Firm. Further, notwithstanding the discharge, the Estate will be obligated to pay the Firm out of the Recovery a reasonable attorneys' fee for all services provided. Absent a Recovery, the Firm will bear the loss of rights to additional professional fees for its services hereunder.

8.      <u>Withdrawal by the Firm</u>.  To the extent provided for in the Massachusetts Rules of Professional Conduct, the Firm may withdraw from representing the Client at any time as permitted under the applicable court rules and/or Rules of Professional Conduct. If the Firm withdraws from representing the Client prior to the conclusion of this representation, the Firm shall have an attorneys' lien remain in place against any Recovery for all out-of-pocket costs and reasonable fees owed to the Firm. Further, notwithstanding the withdrawal, the Estate will be obligated to pay the Firm out of the Recovery a reasonable attorneys' fee for all services provided. Absent a Recovery, the Firm will bear the loss of rights to additional professional fees for its services hereunder.  Any disputes arising under or in connection with this Agreement shall be determined by the Bankruptcy Court.

9.      <u>Appeal</u>.  The Firm agrees to represent the Client in the defense of an appeal without additional charges. This Agreement does not obligate the Firm to represent the Client in the prosecution of an appeal; and such an appeal may be the subject of a separate agreement between the Client and the Firm.

10.     <u>Document Retention</u>.  The Firm shall not be obligated to preserve or store any documents, objects or files related to the Client and/or the Client's matter, whether physical or electronic, for a period of more than ninety (90) days after the Firm has given written notice to the Client that the Client is requested to retrieve and remove same.  In no event shall the Firm be required to do so for a period exceeding five (5) years after the termination of services provided to the Client under this Agreement. The Client shall retrieve and remove all such materials as requested by the Firm within ninety (90) days after written request of the Firm.

11.     <u>Notices</u>.  All written notices by the Firm to the Client under this Agreement shall be deemed made if delivered in hand to the Client or by regular mail, postage prepaid, to the address noted for the Client above, or by email to the last known email address, until and unless the Client gives written notice to the Firm of the need to rely solely on a different mailing address in the manner so described.

3

We, the Client and the Firm, have read the above Contingent Fee Agreement and understand its terms and have signed it as our free act and deed.

CLIENT:
HAROLD B. MURPHY, as Trustee of the Estate of
MASSACHUSETTS PREMIER SOCCER LLC
d/b/a GLOBAL PREMIER SOCCER,

Dated: __12/31/20__        By: _____
                              Harold B. Murphy

POLLACK SOLOMON DUFFY LLP

Dated: December 24, 2020    By: _____
                              Barrry S. Pollack

790167

4