UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS (BOSTON)

In re:

Legacy Global Sports, L.P.

Debtor.
______________________________/

Chapter 7
Case No.:20-11157
(Jointly Administered)

**MOTION OF NISSAN MOTOR ACCEPTANCE CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY**

Nissan Motor Acceptance Corporation ("Movant") a creditor in the above captioned Chapter 7 proceeding, moves this Court for an Order pursuant to 11 U.S.C. §362(d) for relief from the automatic stay of 11 U.S.C. §362(a) so that it may exercise its non-bankruptcy rights and remedies including taking possession and selling that property described as one (1) 2018 Nissan Sentra, VIN 3N1AB7APXJY256000 (the "Vehicle") and other relief this Court deems just and proper. In support of its motion, Movant states the following:

1. On January 14, 2019, Movant extended a loan to New York Premier Soccer LLC in the amount of $19,497.45 for the use of the vehicle (the "Loan").
2. The Loan is secured by a duly executed a Simple Interest Retail Installment Contract with Arbitration Clause-New York (the "Security Agreement"). A copy of the Security Agreement is attached as Exhibit "A".
3. There is no other collateral securing the Loan.
4. Movant is the current holder of the obligation secured by the Security Agreement. A true and correct copy of the Notice of Recorded Lien is attached as Exhibit "B".
5. On May 20, 2020, Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.
6. As of January 14, 2021, the total debt on the Vehicle is $15,746.31.

7. As of January 14, 2021, there are payments due and owing to Movant for payments due April 28, 2020 through December 28, 2020 in the amount of $368.52 each, for a total arrearage due in the amount of $3,316.68, exclusive of attorney's fees and costs incurred in connection with this bankruptcy proceeding.
8. According to the N.A.D.A. Official Guide, the Retail Value of the Vehicle is $15,300.00 (see attached Exhibit "C").
9. Movant estimates that the liquidation value is approximately $15,300.00.
10. Movant is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because Debtor has not made payments pursuant to the Security Agreement.
11. Movant is entitled to relief from the automatic stay for cause pursuant to 1 U.S.C. §362(d)(2) because there is no equity in the vehicle and the vehicle is not necessary for an effective reorganization.

WHEREFORE, Movant moves that the Court enter an Order granting relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may proceed to exercise its rights pursuant to the Security Agreement, including the right to take possession of the Vehicle.

Nissan Motor Acceptance Corporation
By its attorneys,

Date: January 19, 2021

/s/ Brian M Kiser, Esq.________

Brian M. Kiser, Esq., # 673022
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02886
Telephone: (401) 234-9200
bkiser@mlg-defaultlaw.com
bkinquiries@mlg-defaultlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS (BOSTON)

In re:

Legacy Global Sports, L.P.
Debtor.
_____________________________/

Chapter 7
Case No.:20-11157
(Jointly Administered)

**CERTIFICATE OF SERVICE**

I, Brian M Kiser, Esq., of Marinosci Law Group, P.C., do hereby certify that on January 19, 2021, I served a copy of the Motion for Relief from Automatic Stay and supporting documents on the attached service list by mailing a copy of same by first class mail, postage prepaid or other method specified on service list.

Signed this 19th day of January, 2021.

/s/ Brian M. Kiser, Esq.________
Brian M. Kiser, Esq., #673022
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02886
Telephone: (401) 234-9200
bkiser@mlg-defaultlaw.com
bkinquiries@mlg-defaultlaw.com

**VIA ECF**

Daniel C. Cohn, Esq., on behalf of Debtor
Jonathan Horne, Esq. on behalf of Debtor
John Fitzgerald, Esq., on behalf of the Assistant US Trustee
Harold B. Murphy, Esq., on behalf of the Trustee
Kathleen R. Cruickshank, Esq., on behalf of the Trustee
Joseph S.U. Bodoff, Esq. and Paula K. Jacobi, Esq., on behalf of Pro Hockey Development (2015), Inc; Bay State Hockey, LLC; Super Series AAA, LLC; KMD Hockey, LLC; Lynch Hockey, LLC
Andrew G. Lizotte, Esq. on behalf of Trustee
Christopher J Battaglia, Esq., on behalf of Jefferson River Investors I LLC
Lawrence G. Green, Esq. and Thomas Reith, Esq., on behalf of Joseph M. Bradley, Peter D. Bradley and Alexander Zecca
Anthony L. Gray, Esq., on behalf of William Brandt, Lori Brown, Kathleen Holley and Matt Snyder
Mitchell J. Levine, Esq., on behalf of CAB West LLC
Ryan D. Sullivan, Esq., on behalf of Kimberly Casper
James M. Liston, Esq. on behalf of Neil Holloway

Martin A. Mooney, Esq., on behalf of Honda Financial Services dba American Honda Finance Corporation
Frank McGinn, Esq., on behalf of Iron Mountain Information Management, Inc.

<u>VIA US MAIL</u>

New York Premier Soccer, LLC
557 East Ridge Road
Buffalo, NY 14221

Jason Murphy
85 Candia Road
Manchester, NH 03109

Legacy Global Sports, L.P.
77 Sleeper Street
Boston, MA 02210

Melanee Chmiel
11494 Balsam Way
Woodbury, MN 55124

Lama Chebaclo
4511 Morrland Ave
Edina, MN 55424

Lama Chebaclo
4511 Moorland Ave
Edina, MN 55424

Lukas Havlicek
Pod Kaplickou 378
250 72 Predboj
Czech Republic

Craig Jalbert
Verdolino & Lowey, P.C.
124 Washington Street
Foxboro, MA 02035

Paul E. Saperstein Co., Inc.
Auctioneers/Appraisers
c/o Michael Saperstein
148 State Street
Boston, MA 02109

Scott Wilson
408 Summit Ave.
Westfield, NJ 07090

The Siegfried Group, LLP
c/o Richard G. Placey
Montgomery, McCracken, Walker & Rhoads,
1105 N. Market Street, Suite 1500
Wilmington, DE 19801

The Siegfried Group, LLP
c/o William J. Ulrich
Vice President, Legal & HR
1201 N. Market Street, Suite 700
Wilmington, DE 19801

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS (BOSTON)

In re:

Legacy Global Sports, L.P.
Debtor.
_______________________________/

Chapter 7
Case No.:20-11157
(Jointly Administered)

**ORDER RE: MOTION OF NISSAN MOTOR ACCEPTANCE CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY**

Nissan Motor Acceptance Corporation ("Movant"), by and through its attorneys, Marinosci Law Group, P.C., having filed for Relief From Stay regarding personal property described as one (1) 2018 Nissan Sentra, VIN 3N1AB7APXJY256000 (the "Vehicle"), notice having been given and good cause appearing therefore, it is hereby ORDERED that the Motion of Movant for Relief From Stay is allowed and Movant is granted relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may proceed to exercise its rights pursuant to the Security Agreement and applicable state and federal law, including the right to take possession of and sell the Vehicle. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

At __________________________ this _____ day of ______________, 2021.

_______________________________________
U.S. BANKRUPTCY JUDGE

EXHIBIT A

**SignaturePURCHASE®** NISSAN MOTOR ACCEPTANCE CORPORATION

DEAL # [redacted]

SIMPLE INTEREST RETAIL INSTALLMENT CONTRACT WITH ARBITRATION CLAUSE - NEW YORK

| | | | |
|---|---|---|---|
| BUYER'S NAME<br>NEW YORK PREMIER SOCCER LLC | | | DATE OF CONTRACT<br>01/14/19 |
| BUYER'S RESIDENCE OR PLACE OF BUSINESS<br>2809 WEHRLE DR #8 WILLIAMSVILLE | COUNTY<br>ERIE | ZIP CODE<br>NY 14221 | CONTRACT NO. |
| CO-BUYER'S NAME AND ADDRESS | COUNTY | ZIP CODE | |

In this contract the words "we", "us" and "our" refer to the creditor (Seller) named below and, after an assignment of this contract, will refer to the assignee of the contract. The words "you" and "your" refer to the buyer and co-buyer, if any, named herein. The Seller intends to sell this contract to Nissan Motor Acceptance Corporation ("NMAC").

Seller sells you the vehicle described below on credit. The estimated credit price is shown below as the "Total Sale Price". The "Cash Price" is also shown below. By signing this contract you choose to buy the "vehicle" on credit and agree to pay us the Amount Financed and other charges according to the terms and agreements shown on the face and back of this contract. If this contract is signed by a buyer and co-buyer, each is individually and together responsible for all agreements in the contract.

| YEAR | NEW | USED | MAKE TRADE NAME | CYL. | BODY STYLE | MODEL | ID NUMBER |
|---|---|---|---|---|---|---|---|
| 2018 | XX | | NISSAN | 4 | 4DSD | SENTRA | 3N1AB7APXJY256000 |

☐ Certified Pre-Owned — TRADE-IN DESCRIPTION: YR: N/A MAKE: N/A MODEL: N/A — USE FOR WHICH PURCHASED: ☒ PERSONAL, FAMILY, HOUSEHOLD ☐ BUSINESS OR COMMERCIAL ☐ AGRICULTURAL

## STATEMENT OF INSURANCE

**You have the option to obtain the required coverages, and any optional coverages you desire, from a person of your choice and through any insurance company authorized to transact business in New York, or through existing policies owned or controlled by you.**

### VEHICLE INSURANCE

**Required Coverages**

You are required to maintain insurance on the vehicle for at least collision ($ ______ deductible) and comprehensive ($ ______ deductible), or equivalent coverages, until you pay off this contract.

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

### CREDIT INSURANCE

**Credit Life Insurance and Credit Disability Insurance are not required to obtain credit and will not be provided unless you sign and agree to pay the extra cost.** If you purchase Credit Life Insurance, it will pay the balance that would be owing if all payments as originally scheduled have been timely made as of the death of the named insured and the cause of death is not excluded, up to a maximum of $ N/A. If you purchase Credit Disability Insurance, it will pay the payments as originally scheduled up to a maximum of $ N/A per month while the named insured is disabled as defined in the policy, subject to the minimum disability period and up to a maximum amount of $ N/A. The policies or certificates issued by the company will more fully describe all the terms and conditions. These coverages are available from N/A (name of company) of N/A (home address) for the premium shown below. You want:

| Type of Coverage | Term | Premium |
|---|---|---|
| ☐ Credit Life (Buyer only) | N/A mos. | $ N/A |
| ☐ Joint Credit Life (Buyer and Co-Buyer) | N/A mos. | $ N/A |
| ☐ Credit Disability (Buyer only) | N/A mos. | $ N/A |
| ☐ Joint Credit Disability (Buyer and Co-Buyer) | N/A mos. | $ N/A |
| **TOTAL CREDIT INSURANCE PREMIUMS:** | | $ N/A 7H* |

### OTHER OPTIONAL INSURANCE

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

☐ N/A (Type of Coverage) N/A mos. (Term) $ N/A (Premium)
Provider Name: N/A
Address: N/A

☐ N/A (Type of Coverage) N/A mos. (Term) $ N/A (Premium)
Provider Name: N/A
Address: N/A

**TOTAL OTHER OPTIONAL INSURANCE PREMIUMS:** $ N/A 7I**

You want the credit and/or other optional insurance checked above. We will apply for this insurance on your behalf.

SIGNATURE N/A SIGNATURE N/A

### GAP AGREEMENT (OPTIONAL)

A GAP Waiver Agreement or a GAP Insurance Agreement is not required to obtain credit and will not be provided unless you sign and agree to pay the cost indicated below.

This GAP Agreement is available from N/A (name of provider) of N/A (provider's address) for the amount shown below. The contract or certificate issued by the provider will more fully describe all the terms and conditions of this GAP Agreement.

Term N/A months Cost $ N/A

Any Seller-provided GAP Agreement is attached as part of this contract.

Buyer and Co-Buyer want this GAP Agreement.

N/A (Buyer) N/A (Co-Buyer)

### SERVICE, MAINTENANCE AND RELATED AGREEMENTS

No service contract or maintenance contract is required to purchase or obtain financing for a motor vehicle. These are options which are fully detailed in the contracts or certificates describing them. Please read those documents before signing this contract. If you elect any of these items by signing below, the cost is included in the Amount Financed under this contract. Seller may retain or receive a portion of these amounts.

1. N/A Cost $ N/A — Deductible $ N/A Term N/A Months or N/A Miles
2. N/A Cost $ N/A — Deductible $ N/A Term N/A Months or N/A Miles
3. N/A Cost $ N/A — Deductible $ N/A Term N/A Months or N/A Miles
4. N/A Cost $ N/A — Deductible $ N/A Term N/A Months or N/A Miles
5. N/A Cost $ N/A — Deductible $ N/A Term N/A Months or N/A Miles
6. N/A Cost $ N/A — Deductible $ N/A Term N/A Months or N/A Miles

Buyer and Co-Buyer want: ___1; ___2; ___3; ___4; ___5; ___6.

Buyer N/A Co-Buyer N/A

## DISCLOSURES PURSUANT TO TRUTH-IN-LENDING ACT

| | |
|---|---|
| **ANNUAL PERCENTAGE RATE** (The cost of your credit as a yearly rate.) | 4.98 % |
| **FINANCE CHARGE** (The dollar amount the credit will cost you.) | $ 2613.75 |
| **Amount Financed** (The amount of credit provided to you or on your behalf.) | $ 19497.45 |
| **Total of Payments** (The amount you will have paid after you have made all payments as scheduled.) | $ 22111.20 |
| **Total Sale Price** (The total price of your purchase on credit, including your downpayment of $ 0.00) | $ 22111.20 |

**Payment Schedule.** Your payment schedule will be:

| NUMBER OF PAYMENTS | AMOUNT OF EACH PAYMENT | PAYMENTS ARE DUE |
|---|---|---|
| One Payment of | $ N/A | On N/A |
| N/A Payments of | $ N/A | Monthly, Beginning N/A |
| 60 Payments of | $ 368.52 | Monthly, Beginning 02/28/19 |
| One Final Payment of | $ N/A | On N/A |

**SECURITY INTEREST:** You are giving a security interest in the vehicle being purchased.
**LATE CHARGE:** If payment is more than ten days late, you will be charged $10.
**PREPAYMENT:** If you pay early, you will not have to pay a penalty.
See the reverse side of this contract for additional provisions about nonpayment, default, any required repayment in full before the scheduled date and security interests.

### ITEMIZATION OF THE AMOUNT FINANCED

1. **Cash Price (incl. Acc.)** $ 17713.00 (1)
2. Doc Fee $ 75.00 (2)
3. N/A $ N/A (3)
4. **Subtotal (1+2+3)** $ 17788.00 (4)
5. **Downpayment**
   - A. Trade-in (Gross Value) $ N/A (A)
   - B. Less Trade-in Payoff paid to N/A $ N/A (B)
   - C. Net trade-in allowance (A-B) $ N/A (C)
   - D. Cash Downpayment at Closing $ N/A (D)
   - E. Rebate type (if any) N/A $ N/A (E)
   - F. Total Cash Downpayment (D+E) $ N/A (F)
   - **Total Downpayment (C+F)** $ 0.00 (5)
6. Balance Owed To Seller For Above Goods and Services (4-5) $ 17788.00 (6)
7. Amounts paid to others on your behalf:
   - Paid to Public Officials:
   - A. License $ N/A (A)
   - B. Registration $ 90.50 (B)
   - C. Certificate of Title $ 50.00 (C)
   - D. Sales Tax $ 1556.45 (D)
   - E. Taxes not included in Cash Price $ N/A (E)
   - F. New York Waste Tire Management Fee $ 12.50 (F)
   - G. N/A $ N/A (G)
   - Paid to Ins. Cos. per Statement of Ins. (Seller may retain or receive a portion of these amounts):
   - H. *Total Credit Insurance $ N/A (H)
   - I. **Total Other Optional Insurance $ N/A (I)
   - J. N/A $ N/A (J)
   - Other (Seller may retain or receive a portion of these amounts):
   - K. Paid to N/A for N/A $ N/A (K)
   - L. Paid to N/A for N/A $ N/A (L)
   - M. Paid to N/A for N/A $ N/A (M)
   - N. Paid to N/A for N/A $ N/A (N)
   - O. Paid to N/A for N/A $ N/A (O)
   - P. Paid to N/A for N/A $ N/A (P)
   - Q. Paid to N/A for N/A $ N/A (Q)
   - R. Paid to N/A for N/A $ N/A (R)
   - **Total Other Charges (Add lines 7A through 7R)** $ 1709.45 (7)
8. **AMOUNT FINANCED (6+7)** $ 19497.45 (8)

**SEE OTHER SIDE FOR ADDITIONAL TERMS AND CONDITIONS, INCLUDING DISCLAIMER OF WARRANTIES, WHICH ARE A PART OF THIS CONTRACT.**

**Agreement to Arbitrate:** By signing below, you acknowledge that this contract contains an arbitration clause and that you have read it. **READ THE ARBITRATION CLAUSE ON THE REVERSE SIDE BEFORE SIGNING HERE.**

Buyer signature: [signature] Co-Buyer signature: N/A

**The Annual Percentage Rate May Be Negotiable With The Dealer.**

**BUYER ACKNOWLEDGES RECEIPT OF A FULLY COMPLETED COPY OF THIS RETAIL INSTALLMENT CONTRACT WITH NO BLANK SPACES. NOTICE TO THE BUYER - 1. DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACE. 2. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS CONTRACT WHEN YOU SIGN IT. 3. UNDER THE LAW, YOU HAVE THE FOLLOWING RIGHTS, AMONG OTHERS: (A) TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND TO OBTAIN A PARTIAL REFUND OF THE CREDIT SERVICE CHARGE; (B) TO REDEEM THE PROPERTY IF REPOSSESSED FOR A DEFAULT; (C) TO REQUIRE, UNDER CERTAIN CONDITIONS, A RESALE OF THE PROPERTY IF REPOSSESSED. 4. ACCORDING TO LAW YOU HAVE THE PRIVILEGE OF PURCHASING THE INSURANCE ON THE MOTOR VEHICLE PROVIDED FOR IN THIS CONTRACT FROM AN AGENT OR BROKER OF YOUR OWN SELECTION. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.**

**RETAIL INSTALLMENT CONTRACT**

Buyer sign here [signature] Co-Buyer sign here N/A

Address 2809 WEHRLE DR #8 WILLIAMSVILLE Address N/A

NY Zip 14221 Phone [redacted] — N/A Zip N/A Phone N/A

Seller's Name WEST HERR NISSAN OF WILLIAMSVILLE Seller's Address 8137 MAIN STREET WILLIAMSVILLE, NY 14221

By [signature]

**Seller may assign this contract and may retain or receive a portion of the Finance Charge.**

Seller assigns this contract, if accepted, to ☒ NMAC ☐ ______

## ADDITIONAL TERMS AND AGREEMENTS

**A. PAYMENTS:** [illegible] to pay the Am[illegible] the Annual [illegible] contract. In addition [illegible] Downpayment, at the times and in the amounts set forth on the face of this contract. The Finance Charge is computed as simple interest and will be calculated on a daily basis. Finance Charge will accrue on the unpaid balance of the Amount Financed at the Annual Percentage Rate shown in the disclosures until it is fully paid. We will apply your payments in the following order: (1) earned but unpaid [illegible] else you owe [illegible] agreement. Except as set forth in this contract, other amounts which may be due to Seller because of your failure to keep your contract promises will ACCRUE INTEREST AT THE ANNUAL PERCENTAGE RATE as disclosed on the face of this contract and be payable UPON DEMAND, but in no event later than the time your final payment is due. The Finance Charge, Total of Payments, Total Sale Price and Payment Schedule shown in the disclosures on the face of this contract are based upon the expectation of payment exactly as disclosed, early or late payment may affect the amount of Finance Charge you will pay, and consequently your final payment may differ from the amount of estimated final payment disclosed herein. Your promise requires you to pay the final payment on the date due, which payment will be equal to all unpaid sums lawfully owed under this contract even if the amount of the final payment differs from the estimated amount of the final payment disclosed herein.

**B. SECURITY INTEREST:** You give us a security interest under New York law in the vehicle and all parts and accessories which now or hereafter constitute accessions to the vehicle and in all proceeds of such vehicle and accessions. To the extent permitted by law, you also give us a security interest in all rights to any refunds of unearned insurance premiums and unearned service contract or maintenance contract charges included in this contract, and in all proceeds of these coverages and contracts. The security interests secure all obligations which may become due under this contract.

**C. USE OF VEHICLE:** You agree to keep the vehicle free of all delinquent taxes and liens, except the security interest under this contract, and not to use the vehicle illegally, improperly or for hire. You agree not to make any material change in the vehicle, remove it from this State for a period of 30 or more days, or transfer any interest in the vehicle, without our written consent, and not to subject the vehicle to lawful seizure. If we pay any liens, taxes or other amounts because you breached your promise we will provide you with reasonable notice to the extent required by applicable law and you will reimburse us upon demand for any amounts so paid, plus Finance Charge thereon, calculated at the Annual Percentage Rate shown on the face of this contract, from the date of our payment until you repay us in full.

**D. INSURANCE: You agree to keep the vehicle insured in favor of us with a policy reasonably satisfactory to us for collision coverage, and comprehensive or fire, theft and combined additional coverage, in amounts not less than the unpaid sums owed under this contract, or the insurable value of the vehicle, whichever is less, subject to the deductibles shown on the face of this contract. Any policy of insurance shall be endorsed to show us as additional loss payee and shall provide that we receive not less than 10 days' prior written notice of cancellation. You agree that we can obtain and use any proceeds from insurance to repair or replace the vehicle. You must use physical damage insurance proceeds to repair the vehicle, unless otherwise agreed by us in writing. If the unpaid amount owed on this contract has been lawfully declared due at that time, at our option we may instead obtain and apply the insurance proceeds to reduce what you owe under this contract. To the extent permitted by law, any refunds we receive of unearned premiums financed in this contract will be applied to amounts owed under this contract or, if there is no amount then lawfully owed, refunded to you. Refund credits will include the amount of the refund we receive and any unearned Finance Charge thereon. Whether or not you have acquired credit insurance and/or the vehicle is insured, you must pay for it, after it is delivered to you, even if it is lost, damaged, or destroyed (other than as a result of fault in the vehicle or our fault).**

**E. PREPAYMENT OF AMOUNTS OWED:** You may prepay the amount owed (net of any unearned Finance Charge) under this contract at any time. If you prepay a portion of your balance, payment will be applied as described in section A above. Your next payment will be due on the next regular installment date. If you prepay in full, your obligation will be determined using a simple interest approach as of the date we are paid in full.

**F. DEFAULT:** If you default in the performance of any of your obligations under this contract, including, but not limited to, the failure to make any payment when due, or the occurrence, pendency, or existence of a bankruptcy or insolvency proceeding, or if we in good faith believe that the prospect of payment or performance is impaired, we may at our option (subject to your right to redeem the vehicle and compliance with notice and other requirements of applicable law then prevailing, if any) declare the entire unpaid balance of this contract (net of any unearned Finance Charge) immediately due and payable in full. If you fail to pay any amount when due, or when declared due under this section F, or fail to comply with any of your obligations under this contract, we will have (subject to your right to redeem the vehicle and compliance with notice and other requirements of applicable law then prevailing, if any) in addition to our other lawful rights and remedies, all rights and remedies of a secured party under the law, including, but not limited to the right, so long as we do not breach the peace, to take possession of the vehicle (and parts and accessories which now or hereafter constitute accessions to the vehicle) and, after giving notice as required by law, to sell the vehicle, unless you redeem it before sale in accordance with the law. If your vehicle is equipped with a telematics control unit, any built-in device, or any add-on device, that can communicate geolocation information remotely, you agree that we may use the location information to assist in recovering the vehicle. Except as otherwise required by law, you agree that 10 days' notice mailed in accordance with section I (6) below will be reasonable and sufficient notice of any such sale. You agree to make the vehicle available to us at a place we designate which is reasonably convenient to both you and us if we request you to do so. Upon your default, and to the extent permitted by law, we may also cancel any credit life and disability insurance, other insurance coverages, service contracts or maintenance contracts and recover the unearned premiums or charges therefor pursuant to our security interest therein. The proceeds of sale, unearned premiums or charges, collection and/or enforcement will be applied first to the following items: expenses of retaking, holding, preparing for disposition, processing, and disposing of the vehicle; and, to the extent permitted by law, expenses of collection and enforcement, reasonable attorneys' fees and legal expenses. All remaining proceeds will be applied to the balance (net of any unearned Finance Charge) lawfully owing under this contract. If any money is left over (surplus) then, subject to the rights of the holders of any subordinate security interests, it will be paid to you. If a balance still remains owing, you will pay it subject to applicable laws then in effect. Our remedies are cumulative, and not exclusive, and any action which we take shall not prevent us from pursuing any other remedy to the extent allowed by law. If this contract is referred for collection to an attorney who is not a salaried employee of the Seller or Holder of this contract, you agree to pay that attorney's reasonable fee, and court costs, to the extent permitted by law. To the extent permitted by law, you agree to pay any other collection costs we incur. If we repossess the vehicle and any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**G. LATE CHARGES; RETURNED FUNDS:** If you fail to make a payment within 10 days after its due date, you will be charged $10, or such other maximum amount permitted under applicable law. If any check, instrument or electronic funds transfer you give us is returned unpaid for any reason, you promise to pay us a reasonable processing fee not to exceed $20.

**H. BUYER'S CREDIT INFORMATION:** You promise that you have given true and correct information in your application for credit and understand that we have relied upon the correctness of that information in entering into this contract. You promise that you have given us a true payoff amount on any vehicle traded in and you promise that if it is not correct and is greater than the amount shown in this contract, you will pay the excess to us upon demand.

**I. OTHER AGREEMENTS:** (1) To the extent permitted by law, you agree that if we accept monies in sums less than those due or make extensions of due dates of payments under this contract, doing so will not be a waiver of our right to enforce the contract terms as written as to any amounts due thereafter. (2) You will allow us to inspect the vehicle at reasonable times and notify us of any change of your address within 30 days. (3) Unless prohibited by law, we reserve the right to assign this contract without giving notice to you thereof, and you agree that the assignee will have all of our rights and remedies under the contract. In any event, you agree that you will continue to pay all that is still owed under this contract at the times, and in the amounts provided by this contract, to NMAC, until such time that you are notified otherwise. You agree not to assign any of your rights or obligations under this contract. (4) All of the agreements between us and you are set forth in this contract and no modification of this contract shall be valid unless it is made in writing and signed by you and us, except as otherwise permitted by statute or required by law. (5) Any provision of this contract which may be held invalid shall not mean that this contract is otherwise unenforceable and the remaining provisions of this contract shall continue to be binding, to the extent legally possible. (6) Except as otherwise provided by law or in this contract, any notice we are required, or desire, to send you will be deemed properly and sufficiently transmitted when delivered to you by hand or when placed in a depository of the U.S. Postal Service, postage prepaid, addressed to your last address as shown by our records (including the last address you have notified us of). (7) If a co-buyer is listed as a party to this contract and a separate address is not listed for such co-buyer, then any notice to such co-buyer required or permitted by this contract or applicable law will be sufficiently given or made if placed in a depository of the U.S. Postal Service, postage prepaid, addressed to the last known address of the buyer. (8) We may accept payments with "Payment in Full," similar language or other restrictive endorsements without being bound by such language or waiving any of our rights. (9) You agree to execute and deliver to us any document which may be necessary to perfect or maintain the Seller's security interest in the vehicle, including without limitation, any license, title or registration document, and to provide us with information or documentation related to the vehicle and this contract as we may reasonably request from time to time. (10) You agree that this contract, including fees, charges and disclosures, will be governed by the internal laws of New York and other applicable law, except that refunds or rebates, collections, enforcement and repossession-related activity will be governed by the law of buyer's state of residence at the time of the activity. (11) You (and any guarantor of this contract, by signing as provided below) agree that, in the event a refund or rebate becomes due under this contract, we may pay such refund or rebate directly to the buyer irrespective of the original source of payment of the amount refunded or rebated, whether from buyer, co-buyer or any guarantor of this contract. (12) To the extent permitted by law, you consent that we, our assignees, and our agents may contact you for servicing and collection purposes, at any telephone or cell phone number you have provided or may provide to us, by any means we select, including an automatic telephone dialing system, text messaging, and/or an artificial or pre-recorded voice. (13) To the extent permitted by law, you consent that we may monitor and we may record telecommunications between us for quality control purposes.

**J. IMPORTANT LIMITATIONS ON OUR RIGHTS:** Notwithstanding any contrary provisions of this contract or any other document or communication, all rights and remedies of Seller and any Holder under this contract will be exercised only in accordance with all applicable laws and without breaching the peace. If any amount is contracted for, charged or received pursuant to this contract (or pursuant to any document or communication relating to this contract) which, but for this paragraph, would exceed the amount lawfully allowed, the amount will be automatically reduced to the maximum amount lawfully allowed and any excess amount received or collected will be promptly refunded to you. **Nothing in this contract is to be construed to waive any claims or defenses you may have arising out of the sale or to waive any rights of action for any illegal act in collecting any payments or in any repossession.**

**K. WARRANTIES: YOU AGREE THAT THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, REPRESENTATIONS, PROMISES OR STATEMENTS AS TO THE CONDITION, FITNESS OR MERCHANTABILITY OF THE VEHICLE THAT HAVE BEEN MADE BY SELLER. THE SELLER UNDERTAKES NO RESPONSIBILITY FOR THE QUALITY OF THE GOODS EXCEPT AS OTHERWISE PROVIDED IN THIS CONTRACT. THE SELLER ASSUMES NO RESPONSIBILITY THAT THE GOODS WILL BE FIT FOR ANY PARTICULAR PURPOSE FOR WHICH YOU MAY BE BUYING THESE GOODS, EXCEPT AS OTHERWISE PROVIDED IN THE CONTRACT. ANY STATEMENT AS TO THE YEAR MODEL OF THE VEHICLE IS FOR IDENTIFICATION ONLY AND IS NOT A REPRESENTATION OR WARRANTY BY US. THE PRECEDING PORTIONS OF THIS SECTION K: (1) DO NOT APPLY IF SELLER MAKES ANY WRITTEN WARRANTY OR IF SELLER ENTERS INTO A SERVICE CONTRACT AT THE TIME OF SALE OR WITHIN 90 DAYS THEREAFTER, AND (2) DO NOT AFFECT ANY MANUFACTURER OR DISTRIBUTOR WARRANTY, IF ANY. IF THE VEHICLE IS A USED CAR, THIS SECTION AND THE OTHER PORTIONS OF THIS CONTRACT ARE SUBJECT TO THE NOTICE REGARDING THE WINDOW FORM ON THE FACE OF THIS CONTRACT AND TO THE WINDOW FORM, AS WELL AS ANY NOTICE AND/OR WARRANTIES DELIVERED AND GIVEN TO YOU IN ACCORDANCE WITH THE REQUIREMENTS OF NEW YORK LAW.**

**NOTICE: THE FOLLOWING APPLIES TO THE SALE OF A USED VEHICLE ONLY. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**AVISO: LO SIGUIENTE APLICA A LA VENTA DE UN VEHÍCULO USADO UNICAMENTE. LA INFORMACIÓN QUE USTED VE EN EL FORMULARIO DE LA VENTANILLA DE ESTE VEHÍCULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACIÓN DEL FORMULARIO DE LA VENTANILLA SUPEDITA CUALESQUIERA DISPOSICIONES CONTRARIAS EN EL CONTRATO DE VENTA.**

**To contact Nissan Motor Acceptance Corporation about this contract, call 1-800-456-6622.**

### NOTICE

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

## ARBITRATION CLAUSE — IMPORTANT — PLEASE REVIEW — AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. **ANY CLAIM OR DISPUTE IS TO BE ARBITRATED BY A SINGLE ARBITRATOR ON AN INDIVIDUAL BASIS AND NOT AS A CLASS ACTION. YOU EXPRESSLY WAIVE ANY RIGHT YOU MAY HAVE TO ARBITRATE A CLASS ACTION.** You may choose one of the following arbitration organizations, and its applicable rules, to conduct the arbitration: JAMS (800 352-5267, www.jamsadr.com), the American Arbitration Association (800 778-7879, www.adr.org), or any other organization subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statutes of limitation. Unless applicable law provides otherwise, the arbitration hearing shall be conducted in the federal district in which you reside unless the seller of the vehicle is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service and case management fee, your arbitrator and hearing fee and any arbitration appeal fees you incur all up to a maximum of $5,000, unless the law requires us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims are frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this clause, then the provisions of this clause shall control. The arbitrator's award shall be final and binding on all parties, except that you may appeal any arbitrator's award pursuant to the rules of the arbitration organization, and we may only appeal an award against us exceeding $100,000. This Arbitration Clause and any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, and we agree to reimburse your filing fees for such proceedings. You and we retain any rights to self-help remedies, such as repossession. You also retain the right to seek individual injunctive relief in court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable.

### GUARANTEE

For purposes of this Guarantee only, the words "I" and "my" refer to all Guarantors signing this Guarantee. The words "you" and "your" refer to the Seller (or to the Holder of this contract if it is assigned). The word "Buyer" includes "Co-Buyer".

I guarantee payment to you of all sums from time to time owed under this contract. If the Buyer fails to pay any money that is owed under this contract, I will pay it on demand without first requiring that you proceed against the Buyer or that you perfect or ensure enforceability of the Buyer's obligation or security. I represent to you that this Guarantee is genuine, legally valid and enforceable, and to the extent allowed by law, I waive notice of its acceptance and any defaults thereunder and any other notices which may be required. I agree that I am jointly and severally liable with all other Guarantors signing the Guarantee for the performance of all of its terms. I agree to be liable even if you give the Buyer more time to pay one or more payments, compromise or release any rights against Buyer or any of the other Guarantors, or release any security. If I default under this Guarantee and you refer it to an attorney who is not the salaried employee of the Seller or Holder of this contract for collection, I will pay your attorney's fees, court costs and disbursements, to the extent permitted by law, it being understood and agreed that I hereby waive any such limitations imposed by law which I may legally waive. **I have received a completed copy of this contract and this Guarantee at the time of signing.**

| | | | |
|---|---|---|---|
| Guarantor | ______________________ | Guarantor | ______________________ |
| Address | ______________________ | Address | ______________________ |
| | ______________________ (Zip) | | ______________________ (Zip) |
| Telephone | (Area) ______________________ | Telephone | (Area) ______________________ |

# EXHIBIT B

New York State Department of Motor Vehicles

## NOTICE OF RECORDED LIEN

| I D Number | Year | Make |
|---|---|---|
| 3N1AB7APXJY256000 | 2018 | NISSA |

| Wgt /Lgth. | Fuel | Cyl/Prop | Body/Hull | Color |
|---|---|---|---|---|
| 2840 | GAS | 4 | 4DSD | BK |

NISSAN MOTOR
ACCEPTANCE CORP
PO BOX 254648
SACRAMENTO CA 95865

Owner: If you have moved and have not yet notified this Department of your new address, cross out the address shown and print your new address in its place.

### OWNER

NEW YORK PREMIER
SOCCER LLC
2809 WEHRLE DR #8
WILLIAMSVILLE NY 14221

### ADDITIONAL LIENHOLDERS

The following information applies only to the lienholder shown in the box above.

☐ Our security interest in the vehicle, boat or manufactured home described in this notice has been satisfied.

☐ We have assumed ownership of this vehicle, boat or manufactured home. We are transferring ownership to:

☐ We have assigned our security interest in this vehicle, boat or manufactured home to:

Lien Filing Code

Name Date of Assignment

No and Street

City State Zip

Authorized Signature Date

If you are the owner named on this notice, you can keep this notice with the Certificate of Title and when you sell the vehicle, boat or manufactured home, give the transferred Title AND this original Notice of Recorded Lien to the new owner. To obtain a lien-free Title before then, return your current Title, this original Notice of Recorded Lien and a $20.00 fee to. NYS DMV, Title Bureau, 6 Empire State Plaza, Albany NY 12228-0330 (Check or money order should be made payable to the Commissioner of Motor Vehicles.)

If you cannot locate the Title for the vehicle, boat or manufactured home, you must apply for a duplicate. You may apply for a duplicate by completing form MV-902 (available at a DMV office or on our web site at www.dmv.ny.gov) and mailing it with a $20.00 check or money order AND this original Notice of Recorded Lien to the DMV Title Bureau at the above address.

If your address has **not** changed since you last registered the vehicle and your registration shows your current address, you may be able to apply for a duplicate title on line. For more information, please visit www.dmv.ny.gov.

MV-901 (4/12)

NADA Values

Licensed to J.D. Power

10/26/2020

NADA Used Cars/Trucks

## Vehicle Information

EXHIBIT C

| | |
|---|---|
| Vehicle: | 2018 Nissan Sentra Sedan 4D SR 1.8L I4 |
| Region: | New England |
| Period: | October 26, 2020 |
| VIN: | 3N1AB7APXJY256000 |
| Mileage: | 42,500 |
| Base MSRP: | $20,370 |
| Typically Equipped MSRP: | $21,395 |
| Weight: | 2,904 |



## NADA Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Monthly | | | | |
| Trade-In | | | | |
| Rough | $10,650 | N/A | N/A | **$10,650** |
| Average | $11,775 | N/A | N/A | **$11,775** |
| Clean | $12,675 | N/A | N/A | **$12,675** |
| Clean Loan | $11,425 | N/A | N/A | **$11,425** |
| Clean Retail | $15,300 | N/A | N/A | **$15,300** |

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|
| Aluminum/Alloy Wheels | w/body | w/body |
| Fog Lights | w/body | w/body |
| Heated Exterior Mirrors | w/body | w/body |
| Heated Front Seats | w/body | w/body |

NADA Used Car Guide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.
NADA Used Car Guide and its logo are registered trademarks of National Automobile Dealers Association, used under license by J.D. Power.
©2020 J.D.Power