**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

SEP 23 2021 10:34 USBC

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 20–11157-JEB, and |
| LEGACY GLOBAL SPORTS L.P., *et al.*, ) | 20-11351 through 20-11376 |
| ) | |
| Debtors. ) | Jointly Administered Cases |

**LIMITED OBJECTION OF AROCAM SPORTS, INC. TO
TRUSTEE'S MOTION TO APPVOVE SETTLEMENT
WITH JEFFERSON RIVER INVESTORS I, LLC**

Arocam Sports, Inc. ("Arocam"), by its undersigned counsel, as and for its limited objection to the Motion by Chapter 7 Trustee for Entry of Order Authorizing and Approving (I) Stipulation of Settlement by and between Chapter 7 Trustee and Jefferson River Investors I, LLC Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and (II) Allowance and Payment of Interim Requests for Commission, Fees and Expenses by the Trustee and his Professionals Pursuant to 11 U.S.C. §506(c) [dkt # 275] (the "Motion")[1], respectfully represents as follows:

**Background**

1.      Founded in 1994, Arocam is a leader in the direct to consumer youth sports uniforms and equipment space. Arocam's wegotsoccer brand is one of the country's leading premiere specialty team uniform and equipment suppliers catering to the soccer market. Arocam provides enhanced services to this market through its unique on-line ordering system.

---

[1] Capitalized terms used herein that are not otherwise defined, shall have the meanings ascribed to them in the Motion; the Opposition filed by Joseph M. Bradley, Peter D. Bradley and Alexander Zecca to the Motion and the additional relief requested by the Trustee [dkt. no. 290] (the "Bradley Objection"), the Objection filed by John St. Pierre to the Motion [dkt. no. 291] (the "St. John Objection"); the Trustee's Omnibus Response to the Bradley Objection and St. John Objection [dkt. no. 293] (the "Trustee Response"); and the Response by Jefferson Rivers Investors I, LLC to the Bradley Objection and St. John Objection (the "Jefferson Objection") [dkt. no. 294], as applicable.

1

2. Prior to LGS's acquisition of a majority interest in GPS in or about October 2016, Arocam and GPS enjoyed a mutually productive business relationship for approximately 10 years with Arocam supplying uniforms for GPS's youth programs through its direct to consumer platforms. Arocam continued to be a primary supplier to GPS following the acquisition, but in the recent years leading up to the Chapter 7 filings, it became apparent to Arocam that GPS was experiencing operational difficulties and a declining performance in its various offerings to the youth market.

3. Arocam has timely filed an unsecured claim against debtor Massachusetts Premier Soccer, LLC (d/b/a Global Premier Soccer) in the amount of $693,675.00 designated as claim no. 29-1.

4. Apparently, there are several hundred, if not more, individuals and families who have suffered financial losses as a result of the commencement of these Chapter 7 cases in the form of prepayments and deposits furnished to the Debtors for youth and related programming that have not been honored or refunded. The Trustee acknowledges this unfortunate circumstance noting that "there are at least $607,000 in asserted claims for priority consumer deposits ... ." (Trustee Response at ¶23). Those same or other consumers may hold claims well in excess of this amount that are not entitled to priority treatment under section 507(a) of the Bankruptcy Code. Arocam is concerned that these individuals and families do not have a voice in these proceedings. While in relative terms their claims may be on the smaller side, they likely represent a significant loss to many families. In evaluating the merits of the proposed settlement embodied in the Stipulation and whether it is in the best interests of the creditor body, Arocam submits that it is imperative that the interests of these parties be taken into account.

**Limited Objection**

5. The dueling narratives set forth in the pleadings filed in support of the Motion and in those objecting to it are practically polar opposites, both in their recitation of the relevant facts and contrasting allegations of wrongdoing by LPS' former principals and shareholders. Arocam takes no position on the veracity or merits of these purported facts or allegations. However, one crucial point does not appear to be the subject of dispute – as the cases now stand, in all likelihood, unsecured creditors will not receive a distribution on their claims. *See e.g.*, Trustee Response at ¶ 23 ("There have been $30 million dollars of claims filed in these cases and the Trustee is holding approximately $600,000 in funds. There is no certainty the Estates will recover additional funds, either from the Suffolk Superior Court Action or from other causes of action the Trustee may pursue.").

6. As a result, this Court's approval of the Stipulation will almost certainly preordain the outcome of these cases with respect to the fate of general unsecured creditors and potentially those creditors holding priority claims. Although the Trustee will be free to pursue causes of actions that are not released by the Stipulation, the Trustee is skeptical as to whether this effort will inure to the benefit of unsecured creditors. Moreover, the prospect of any meaningful recovery to unsecured creditors appears even more remote because under the terms of the Stipulation Jefferson will be entitled to share in any distribution to unsecured creditors on account of its residual unsecured claim.

7. On their face, in their respective Objections, the Objecting Parties identify significant potential causes of action against Jefferson and related parties that they contend the Trustee should be pursuing. In turn, the Trustee and Jefferson identify similarly significant actual and potential causes of action the Trustee holds against certain of the Objecting Parties and related

parties. As noted, Arocam has no basis to weigh in on these disputes or their respective merits, other than to note that the Trustee's actual and potential claims against the Objecting Parties are not being released under the Stipulation.

8. The Trustee's decision to enter into the Stipulation is entitled to some deference and Arocam acknowledges that the Trustee's resources are limited. However, given that the approval of the Stipulation will likely determine the outcome of these cases for unsecured creditors, Arocam respectfully submits that the Trustee has failed to meet his burden of demonstrating that the Stipulation is in the best interests of the Estates and their unsecured creditors.

9. In light of the Trustee's acknowledgement of Jefferson's secured claim and release in favor of Jefferson, the Stipulation should not be approved absent a more thorough and rigorous examination by the Trustee. For example, the Trustee seems to gloss over whether Jefferson or its affiliates may be subject to any avoidance actions. Likewise, although the Trustee has made some effort to address certain issues raised by the Objecting Parties concerning Jefferson's conduct *vis a vis* LPS, it does not appear that the Trustee conducted any discovery or Bankruptcy Rule 2004 examinations of Jefferson.

10. Arocam is also somewhat concerned over the level of transparency here. The Trustee did not address the general release in favor of Jefferson and certain related parties in his original Motion. This provision of the Stipulation only came to light as a consequence of the Objections.

### Conclusion

11. For the foregoing reasons, Arocam respectfully submits that the Stipulation should not be approved at this time. Instead, if the Trustee desires to seek approval of the

Stipulation, the Trustee should first be required to conduct a more rigorous examination of the potential causes of actions and other remedies that may lie against Jefferson and related parties. The results of that investigation may inform whether the Trustee's decision to enter into the Stipulation satisfies the standards under Bankruptcy Rule 9019 and particularly, whether consummation of the Stipulation is in the best interests of the Estates and their creditors.

Dated: September 22, 2021
     New York, New York

                            Respectfully submitted,

                            **ROSEN & ASSOCIATES, P.C.**
                            *Counsel for Arocam Sports, Inc.*

                            By: _____
                                Norman S. Rosenbaum

                            747 Third Avenue
                            New York, New York 10017-2803
                            (212) 223-1100
                            nrosenbaum@rosenpc.com
                            (*pro hac vice* admission
                            pending)

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September 2021, a copy of this Limited Objection was served by regular first-class mail, by depositing true copies of same in pre-paid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Service, upon the parties listed below:

Murphy & King, PC
Counsel to Harold B. Murphy, Chapter 7 Trustee
One Beacon Street, Suite 21
Boston, MA 02108
Attn.: Kathleen R. Cruickshank, Esq.

Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109-1775
Attn.: Jennifer V. Doran, Esq.
       Christopher H.M. Carter, Esq.

Burns & Levinson LLP
125 High Street
Boston, MA 02110
Attn.: Lawrence G. Green, Esq.

Halperin Battaglia Benzija, LLP
Counsel to Jefferson River Investors I LLC
40 Wall Street, 37th floor
New York, NY 10005
Attn.: Christopher J. Battaglia, Esq.


Dated:  New York, New York
        September 22, 2021

                                                    Norman S. Rosenbaum