**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|   |   |
|---|---|
| In re: <br><br> LEGACY GLOBAL SPORTS, L.P.,[1] <br><br> Debtor. | Chapter 7 <br> Case No. 20-11157-JEB; and <br> 20-11351 through 20-11376 <br> *Jointly Administered Cases* |

## MOTION TO LIMIT NOTICE

Pursuant to Federal Rules of Bankruptcy Procedure 2002(a) and 9006, and Massachusetts Local Bankruptcy Rule 6007-1, Harold B. Murphy, chapter 7 trustee (the "Trustee") Legacy Global Sports, L.P. ("LGS") and each of its related entities set forth below (collectively, the "Debtors") respectfully requests that the Court enter an order limiting the notice required with respect to the *Trustee's Notice of Intent to Abandon Personal Property* (the "Notice") filed concurrently herewith.

The Trustee requests that service of the Notice, and notice of any hearing on the Notice be limited to: (a) the United States Trustee, (b) counsel to the Debtors, (c) the taxing authorities, (d) the Debtors' secured creditors, and (e) all parties who have filed a notice of appearance in this case or who may assert a lien against the Personal Property (collectively the "Notice Parties"). The Trustee submits that service upon the Notice Parties will provide sufficient notice

---

[1] The affiliated debtors, along with the last four digits of each debtor's federal tax identification number, are as follows: (i) Legacy Global Sports, L.P., EIN #2834; (ii) LGS Management, LLC, EIN # 5401; (iii) LGS Manufacturing LLC, EIN #5305; (iv) Legacy Global Lacrosse LLC, EIN # 0161; (v) LGS Logistics LLC, EIN #6244; (vi) LGS Team Sales LLC, EIN # 6484; (vii) Premier Sports Events LLC, EIN #5407; (viii) Massachusetts Premier Soccer LLC d/b/a Global Premier Soccer, EIN # 6290; (ix) Maine Premier Soccer LLC, EIN #0740; (x) Mass Premier Soccer in New Hampshire, LLC, EIN #2958; (xi) Florida Premier Soccer LLC, EIN #0702; (xii) New York Premier Soccer LLC, EIN # 27-2451104; (xiii) Jersey Premier Soccer LLC, EIN # 0501; (xiv) GPS in Vermont LLC, EIN #3359; (xv) Rhode Island Premier Soccer LLC, EIN #2841; (xvi) Carolina Premier Soccer LLC, EIN # 46-1594047; (xvii) Georgia Premier Soccer LLC, EIN #1982; (xviii) Global Premier Soccer Puerto Rico LLC, EIN #1857; (xix) Global Premier Soccer Canada LLC, EIN # 6291; (xx) Global Premier Soccer Oregon, EIN #8242; (xxi) Global Premier Soccer California LLC, EIN #7811; (xxii) Global Premier Soccer Missouri, LLC, EIN #2782; (xxiii) Global Premier Soccer Connecticut, EIN # 6400; (xxiv) Global Premier Soccer Delaware, EIN # 4703; (xxv) Global Premier Soccer Michigan LLC, EIN # 0533; (xxvi) Global Premier Soccer Minnesota LLC, EIN # 5588; and (xxvii) Global Premier Soccer Ohio LLC, EIN #0022.

791514-v1

of the Notice given the uncontroversial nature of the Notice, the *deminimus* value of the Personal Property, and the limited number of parties who have been active in this case. In further support of this motion, the Trustee states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this District pursuant to 28 U.S.C. § 1408. The predicates for the relief sought in this motion are Section 105 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2002 of the Federal Rule of Bankruptcy Procedure and MLBR 2002-1 and 9019-1(d).

### BACKGROUND

2. On May 20, 2020 (the "Petition Date"), certain of the Debtor's creditors filed an Involuntary Petition for relief under Chapter 7 of the Bankruptcy Code against LGS and an order for relief was entered on June 23, 2020.

3. On June 23, 2020, each of the remaining Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4. The Trustee is the duly appointed Chapter 7 Trustee of the Estates.

5. The Debtors consists of twenty-seven (27) affiliated entities, with over two thousand two hundred (2,200) parties on the matrices, including the list of customers and former employees contained in the matrices filed under seal, who are unlikely to participate in the proceedings. The cost of mailing the Notice to the full creditor list is significant and would unnecessarily deplete the resources of the Debtors' estates.

6. Federal Rule of Bankruptcy Procedure 2002(m) gives the Court authority to limit notice as requested herein. Further, pursuant to Massachusetts Local Bankruptcy Rule 6007-1(b),

the Trustee may limit notice in the manner requested herein if the value of the Personal Property is less than $5,000. Upon information and belief, based upon the Trustee's extensive experience in liquidating assets in the nature of the Personal Property, the Trustee believes that the Personal Property has a value of less than $5,000.

7.      The Motion and the Notice will been served upon the Notice Parties. The Trustee will serve notice of any hearing and objection deadline with respect to the Notice upon the Notice Parties.

8.      The Trustee submits that the notice proposed herein is sufficient to provide notice to all persons or entities who have been active in the case and/or are reasonably likely to respond, and will allow for sufficient creditor review of the Notice.

9.      Accordingly, the Trustee requests that the notice proposed in this motion be deemed sufficient and that no further notice be required.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order:

(a) Granting this motion;

(b) Finding that service of the Notice, as well as any notice of hearing date with respect to the Notice, to the Notice Parties is sufficient; and

(c) Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

HAROLD B. MURPHY
CHAPTER 7 TRUSTEE OF THE ESTATE OF
LEGACY GLOBAL SPORTS L.P. et.al.
By his counsel,

*/s/ Kathleen Cruickshank*
Kathleen R. Cruickshank (BBO #550675)
Murphy & King P.C.
28 State Street, Suite 3101
Boston, MA  02109
Telephone: (617) 423-0400
KCruickshank@murphyking.com

Dated:  January 22, 2024